MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
JOSE DIMAS GUTIERREZ CHACON,
*individually and on behalf of others similarly*
*situated,*

                                   *Plaintiff,*

                    -against-

P&S SELECT FOODS INC., (d/b/a "P&S
SELECT FOODS") P&S SELECT MEATS
INC., (d/b/a "P&S SELECT FOODS"), RAY
MILLAN SR., GARY LANGSAM,
ANTHONY MILLAN, and RAY MILLAN
JR.,

                                   *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Jose Dimas Gutierrez Chacon, individually and on behalf of others similarly

situated ( "Plaintiff Gutierrez"), by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against defendants P&S Select Foods Inc., P&S

Select Meats Inc., Ray Millan Sr., Gary Langsam, Anthony Millan, and Ray Millan Jr.

(collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Gutierrez was an employee of P&S Select Foods Inc., P&S Select Meats Inc., Ray Millan Sr., Gary Langsam, Anthony Millan, and Ray Millan Jr.

2.      Defendants own, operate, and/or control a meat supply company located at Hunts Point Coop Market, Building 9, Bronx, New York 10474 under the name "P&S Select Foods."

3.      Upon information and belief, defendants Ray Millan Sr., Gary Langsam, Anthony Millan, and Ray Millan Jr. serve or served as owners, managers, principals or agents of Defendants P&S Select Foods Inc., and P&S Select Meats Inc., ("Defendant Corporations"), and, upon information and belief, through these corporate entities, operate or operated the meat supply company known as "P&S Select Foods" as a joint or unified enterprise.

4.      Plaintiff Gutierrez was employed by Defendants as a delivery assistant.

5.      Plaintiff Gutierrez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Gutierrez appropriately for any hours worked either below or over 40 in a week.

7.      Further, Defendants failed to pay Plaintiff Gutierrez the required "spread of hours" pay for any day in which he worked over 10 hours.

8.      Defendants' conduct extends beyond Plaintiff Gutierrez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez  and other employees to work in excess of forty (40)

hours per week without providing the minimum wage and/or overtime compensation required by federal and state law and regulations.

10.    Plaintiff gutierrez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11.    Plaintiff Gutierrez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq*. (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

13.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their headquarters and offices within this district, and Defendants operate a meat supply company located in this district.  Further, Plaintiff Gutierrez was employed by Defendants in this district.

## THE PARTIES

*Plaintiff Jose Dimas Gutierrez Chacon*

- 3 -

14. Plaintiff Jose Dimas Gutierrez Chacon ("Plaintiff Gutierrez" or "Mr. Gutierrez") is an adult individual residing in Bronx County, New York.

15. Plaintiff Gutierrez was employed by Defendants from approximately 2009 until on or about November 26, 2016.

16. Plaintiff Gutierrez consents to being party plaintiff pursuant to 29 U.S.C. 216(b), and brings these claims, based upon the allegations herein, as representative party of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendants*

17. At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a meat supply company located at Hunts Point Coop Market, Building 9, Bronx, New York 10474 under the name "P&S Select Foods".

18. Upon information and belief, P&S Select Foods Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at Hunts Point Coop Market, Building 9, Bronx, New York 10474.

19. Upon information and belief, P&S Select Meats Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at Hunts Point Coop Market, Building 9, Bronx, New York 10474.

20. Defendant Ray Millan Sr. ("Defendant Ray Sr.") is an individual engaging in business in this judicial district during the relevant time period. Defendant Ray Sr. is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

21. Upon information and belief, Defendant Ray Sr. possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in

Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of Defendants' employees, including Plaintiff Gutierrez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

22.     Defendant Gary Langsam ("Defendant Gary") is an individual engaging in business in this judicial district during the relevant time period. Defendant Gary is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

23.     Upon information and belief, Defendant Gary possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.  He determined the wages and compensation of Defendants' employees, including Plaintiff Gutierrez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

24.     Defendant Anthony Millan ("Defendant Anthony") is an individual engaging in business in this judicial district during the relevant time period. Defendant Anthony is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

25.     Upon information and belief, Defendant Anthony possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of Defendants' employees, including

Plaintiff Gutierrez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

26.    Defendant Ray Millan Jr. ("Defendant Ray Jr.") is an individual engaging in business in this judicial district during the relevant time period. Defendant Ray Jr. is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporations.

27.    Upon information and belief, Defendant Ray Jr. possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of Defendants' employees, including Plaintiff Gutierrez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.    Defendants operate a meat supply company located in Bronx County, New York.

29.    Defendants maintain as their principal place of business a centralized office which is located at the same address as the meat supply company.

30.    Individual Defendants Ray Millan Sr., Gary Langsam, Anthony Millan, and Ray Millan Jr., possessed operational control over Defendant Corporations, possessed an ownership interest in the Defendant Corporations and controlled significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Gutierrez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gutierrez and all similarly situated individuals referred to herein.

33.     Defendants jointly employed Plaintiff Gutierrez, and all similarly situated individuals, and were his (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Gutierrez and/or similarly situated individuals.

35.     Upon information and belief, individual Defendants Ray Millan Sr., Gary Langsam, Anthony Millan, and Ray Millan Jr., operate the Defendant Corporations as either alter egos of themselves, and/or fail to operate the Defendant Corporations as entities legally separate and apart from themselves by, among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

    b.  defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.  transferring assets and debts freely between all Defendants;

d.  operating Defendant Corporations for their own benefit as sole or majority shareholders;

e.  operating Defendant Corporations for their own benefit and maintaining control over these corporations as  closed corporations or closely held controlled entities;

f.  intermingling assets and debts of their own with Defendant Corporations; and

g.  other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiff Gutierrez's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of his employment and determined the rate and method of any compensation in exchange for his services.

37.    In each year from 2010 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the supply company, including meat, were produced outside of the State of New York.

*Plaintiff*

39.    Plaintiff Gutierrez is a former employee of Defendants, primarily employed in performing the duties of a delivery assistant.

40.    Plaintiff Gutierrez seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b)

*Plaintiff Jose Dimas Gutierrez Chacon*

41.     Plaintiff Gutierrez was employed by Defendants from approximately 2009 until on or about November 26, 2016.

42.     At all times relevant to this Complaint, Plaintiff Gutierrez was employed by Defendants as a delivery assistant.

43.     Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

44.     Plaintiff Gutierrez regularly handled goods in interstate commerce, such as meat and other supplies produced outside of the State of New York.

45.     Throughout his employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

46.     From approximately February 2011 until on or about July 2015, Plaintiff Gutierrez worked from approximately 6:00 a.m. until on or about 5:00 p.m. to 6:00 p.m. six days a week (typically 66 to 72 hours per week).

47.     From approximately July 2015 until on or about November 26, 2016, Plaintiff Gutierrez worked from approximately 6:00 a.m. until on or about 4:00 p.m. to 5:00 p.m. six days a week (typically 54 to 66 hours per week).

48.     However, from approximately July 2015 until on or about November 26, 2016, Defendants required Plaintiff Gutierrez to work from approximately 6:00 a.m. until on or about 6:00 p.m. to 7:00 p.m. three times a month (typically 56 to 68 hours per week).

49.     Throughout his entire employment, Plaintiff Gutierrez was paid his wages in cash.

50.     From approximately February 2011 until on or about June 2014, Defendants paid Plaintiff Gutierrez a fixed salary of $80 per day or $480 per week.

51.    From approximately June 2014 until on or about November 26, 2016 Defendants paid Plaintiff Gutierrez a fixed salary of $100 per day or $600 per week.

52.    Plaintiff Gutierrez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.    Specifically, Defendants repeatedly required Plaintiff Gutierrez to work 2 to 3 hours past his scheduled departure time and did not pay him for the additional hours worked.

54.    Defendants never granted Plaintiff Gutierrez a meal break or rest period of any kind.

55.    From approximately February 2011 until on or about July 2015, Plaintiff Gutierrez was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

56.    Defendants did not provide Plaintiff Gutierrez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not provide any notice to Plaintiff Gutierrez in English and in Spanish (Plaintiff Gutierrez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.    Defendants regularly required their employees, including Plaintiff Gutierrez, to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime, or Spread of Hours compensation.

60.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez , and all similarly situated employees, to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation and "spread of hours" pay, as required by federal and state laws.

61.    Defendants habitually required Plaintiff Gutierrez (and all similarly situated employees) to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

62.    Defendants' pay practices resulted in Plaintiff Gutierrez not receiving payment for all his hours worked, resulting in Plaintiff Gutierrez's effective rate of pay falling below the required minimum wage rate.

63.    Plaintiff Gutierrez was paid his wages entirely in cash.

64.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

65.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gutierrez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gutierrez properly for his full hours worked.

66.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gutierrez and other similarly situated current and former delivery assistants.

68.    Defendants failed to post required wage and hour posters in the workplace, and have not provided Plaintiff Gutierrez, and all similarly situated employees, with statutorily required wage and hour records or statements of their pay received.

69.    Upon information and belief, Defendants failed to provide the required wage and hour records or post the required notices in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees' relative lack of sophistication in wage and hour laws.

70.    Defendants did not provide Plaintiff Gutierrez, and all similarly situated employees, with any document or other statement accurately accounting for their actual hours worked and setting forth the minimum wage rate and overtime wage.

71.    Upon information and belief, this was done to disguise the actual number of hours Plaintiff Gutierrez worked, and to avoid paying him properly for (1) his full hours worked, (2) his spread of hours pay and (3) overtime due.

72.    Plaintiff Gutierrez's experience is representative of all those who were similarly situated, who have worked for Defendants, who were paid in cash and never received any document or statement that stated the rate of pay or actual number of hours worked.

73.     Defendants failed to provide Plaintiff Gutierrez, and other similarly situated employees, with wage statements at the time of payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Gutierrez, and other similarly situated employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

75.     Plaintiff Gutierrez brings this FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period").

76.     At all relevant times, Plaintiff Gutierrez was similarly situated to other members of the FLSA Class in that they had substantially similar job requirements and pay provisions and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans, including willfully failing and refusing to pay them the required minimum wage and overtime, and willfully failing to keep records required by the FLSA.

77.     The claims of Plaintiff Gutierrez stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

78.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gutierrez (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

80.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.     Defendants failed to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83.     Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.    Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

85.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

86.    Defendants, in violation of the FLSA, failed to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

87.    Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88.    Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

89.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

90.    At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Gutierrez (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

91.    Defendants, in violation of the NYLL, paid Plaintiff Gutierrez   (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

92.    Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y.  Lab.  Law § 663.

93.    Plaintiff Gutierrez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

94.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

95.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y.  Lab.  Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

96.    Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y.  Lab.  Law § 663.

97.    Plaintiff Gutierrez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF
## THE NEW YORK COMMISSIONER OF LABOR

98.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants failed to pay Plaintiff Gutierrez (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

100.     Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Gutierrez's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab.  Law § 663.

101.     Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

102.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

103.     Defendants failed to provide Plaintiff Gutierrez  with a written notice, in English or in Spanish (Plaintiff Gutierrez's primary language), of his  rate of pay, regular pay day, and such other information as required by NYLL §195(1).

104.     Defendants are liable to Plaintiff Gutierrez in the amount of $2,500, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

105.    Plaintiff Gutierrez repeats and realleges all paragraphs above as though set forth fully herein.

106.    Defendants did not provide Plaintiff Gutierrez with wage statements upon each payment of wages, as required by NYLL 195(3).

107.    Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gutierrez respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gutierrez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Gutierrez  and the FLSA class members;

(f)      Awarding Plaintiff Gutierrez  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Gutierrez  and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages;

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez  and the members of the FLSA Class;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez  and the members of the FLSA Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Gutierrez  and the members of the FLSA Class;

(k)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Gutierrez's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Gutierrez  and the FLSA Class members;

(m)      Awarding Plaintiff Gutierrez  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or

credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Gutierrez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Gutierrez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Gutierrez  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Gutierrez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
         February 10, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     __/s/ Michael Faillace_____
         Michael Faillace, Esq.
         60 East 42nd Street, Suite 2540
         New York, New York 10165
         Telephone: (212) 317-1200

Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

November 30, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Jose Dimas Gutierrez Chacon**

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                     30 de noviembre de 2016

*Certified as a minority-owned business in the State of New York*