**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
JOSE DIMAS GUTIERREZ CHACON, *individually and*
*On behalf of others similarly situated,*

               Plaintiff,

       -against-


P & S SELECT FOODS INC. (d/b/a "P & S SELECT
FOODS"), P & S SELECT MEATS INC. (d/b/a "P & S
SELECT FOODS"), RAY MILLAN SR., GARY LANGSAM,
ANTHONY MILLAN and RAY MILLAN JR.,

             Defendants.
------------------------------------------------------------------------X

ECF CASE

**17-cv-1037(ER)(GWG)**


DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT


LAW OFFICES OF EDMOND J. PRYOR
292 City Island Avenue
Bronx, N.Y. 10464
(718) 829-0222


Of Counsel:
Lisa B. Lia, Esq.
Edmond J. Pryor, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

    1. The Parties ......................................................................................................... 2

    2. Operations ......................................................................................................... 2

    3. Plaintiff's Employment with P&S .................................................................... 3

SUMMARY JUDGMENT STANDARD ............................................................................. 4

ARGUMENT ...................................................................................................................... 5

    POINT I: DEFENDANTS ARE EXEMPT FROM THE OVERTIME PROVISIONS OF THE FLSA. .. 5

        1. P & S Is A Motor Private Carrier. ................................................................ 6

        2. Plaintiff Performs Duties That Directly Affect the Safety of Operation of Motor Vehicles in Interstate Commerce. ................................................................. 7

    POINT II: PLAINTIFF'S FEDERAL MINIMUM WAGE CLAIM MUST BE DISMISSED BECAUSE DEFENDANTS PAID PLAINTIFF MORE THAN THE FEDERAL MINIMUM WAGE DURING THE PERIOD IN WHICH HE IS ENTITLED TO COLLECT DAMAGES. ................................ 9

        1. Plaintiff is only Entitled to Collect Damages for the Two Years Preceding the Filing of the Complaint. .......................................................................................... 9

        2. Plaintiff Cannot Establish a Violation of the FLSA Minimum Wage Provisions........ 9

    POINT III:  THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS. ................................................................. 11

    POINT IV: TO THE EXTENT THE COURT CONSIDERS PLAINTIFF'S STATE LAW CLAIMS, PLAINTIFF'S NYLL OVERTIME CLAIM IS BARRED BY THE MCA EXEMPTION………... 12

CONCLUSION................................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**                                                                                            **PAGES**

*Aflalo v. Cantor Fitzgerald, L.P.*
 298 F. Supp. 3d 688, 698 (S.D.N.Y. 2018)............................................................................. 11

*Anderson v. Liberty Lobby, Inc.*
 477 U.S. 242, 248 (1986)........................................................................................................ 4

*Bedasie v. Mr. Z Towing, Inc.*
 13 Civ. 5453, 2017 U.S. Dist. LEXIS 43973, at * 92 (E.D.N.Y. March 24, 2017)................... 9

*Bilyou v. Dutchess Beer Distribs.*, *Inc.*
 No. 99 Civ. 4231 (CM), 2001 U.S. Dist. LEXIS 3342, at *6-7 (S.D.N.Y. Mar. 9, 2001), *aff'd*,
 300 F.3d 217 (2d Cir. 2002)................................................................................................. 5,6

*Caci v. Wiz of Lake Grove, Inc.*
 267 F. Supp. 2d 297, 299-300 (E.D.N.Y. 2003) ................................................................. 9,10

*Fox v. Commonwealth Worldwide Chauffered Transp. of N.Y., LLC*
 865 F. Supp. 2d 257, 264 (E.D.N.Y. 2012) ............................................................................ 5

*Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*
 13 Civ. 6789, 2015 U.S. Dist. LEXIS 125961, *22-23 (E.D.N.Y. September 18, 2015) .......... 9

*Kennedy v. Equity Transp. Co.*
 No. 15-3459, 2016 U.S. App. LEXIS 17582, *4-5 (2d Cir. September 28, 2016).................... 4

*Khan v. IBI Armored Servs.*
 474 F. Supp. 2d 448, 457 n.10 (E.D.N.Y 2007) ..................................................................... 8

*Kong v. Wing Keung Enters.*
 No. 15-cv-6228,  2017 U.S. Dist. LEXIS 205331, at *4-5 (E.D.N.Y. 2017) ........................... 8

*Levinson v. Spector Motor Service*
 330 U.S. 649, 652 n.2 (1947).................................................................................................. 8

*McGugan v. Aldana-Bernier*
  No. 11 Civ. 342, 2012 U.S. Dist. LEXIS 60340, at *21-22 (E.D.N.Y. Apr. 30, 2012).......... 11

*Ramirez v. New York City Bd. of Educ.*
 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007) ............................................................................ 4

*Reiseck v. Univ. Commc'ns of Miami, Inc.*
  591 F.3d 101, 105 (2d Cir. 2010)................................................................ 12

*Swanson v. Manhattan Beer Distribs.*
  No. 15 Civ. 05383, 2018 U.S. Dist. LEXIS 218219, *14-15 (E.D.N.Y. June 28, 2018) ........ 7,8

*United Mine Workers of Am. v. Gibbs*
  383 U.S. 715, 726 (1966)........................................................................ 11

## Statutes

49 U.S.C. § 31502................................................................................ 5
49 U.S.C. § 13102(13)............................................................................ 6, 7
28 U.S.C. § 1331................................................................................. 11
28 U.S.C. § 1367(c)(3)........................................................................... 11
29 U.S.C. § 206.................................................................................. 9
29 U.S.C. § 213(b)(1)............................................................................ 5
29 U.S.C. § 207.................................................................................. 5
29 U.S.C. § 1955................................................................................. 9

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2................................................... 12

29 C.F.R. §782.2................................................................................. 6, 7

## Other

*https://www.dol.gov/whd/minwage/chart.htm* ..................................................... 10

## PRELIMINARY STATEMENT

P&S Select Foods Inc. ("P&S"), P&S Select Meats Inc. (d/b/a P&S Select Foods), Ray Millan Sr., Gary Langsam, Anthony Millan and Ray Millan Jr. (referred to collectively as "Defendants"), respectfully submit this Memorandum of Law in support of their Rule 56 motion for summary judgment dismissing the claims asserted by plaintiff Jose Dimas Gutierrez Chacon ("Plaintiff") in his Complaint for: (i) violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §206 et seq. ("FLSA"); (ii) violations of the minimum wage, overtime, spread of hours and recordkeeping provisions of the New York Labor Law §§190 et seq. and 650 et seq. ("NYLL") and the wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, §146-1.6; and (iii) applicable liquidated damages, interest, attorneys' fees and costs.  For the reasons addressed below, Plaintiff's FLSA claims have no merit and should be dismissed, and this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff is not entitled to overtime pay under the FLSA (or the NYLL) because an exemption set forth in the Motor Carrier Act, 29 U.S.C. §213(b)(1) applies to drivers and helpers whose duties affect the operation of motor vehicles in interstate commerce.  The position held by Plaintiff during his tenure at P&S, namely a helper, is a job title explicitly contemplated as within the scope of the applicable exemption.   Likewise, Plaintiff's FLSA minimum wage claim is subject to dismissal because, even accepting Plaintiff's allegations with respect to the hours he worked as true, Plaintiff was paid the required minimum wage.  With no federal claims remaining, this Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## STATEMENT OF FACTS

### 1.  **The Parties**

P&S is a meat wholesaler authorized to distribute meat and other products in interstate commerce. (Millan Aff. ¶3).  Individual defendants Ray Millan Sr. and Gary Langsam are the owners of P&S. Anthony Millan and Ray Millan Jr. are the children of Ray Millan Sr., and both work for P&S.  (*See id.* at ¶4).  Plaintiff worked as a helper for P&S first independently, on a part-time basis beginning in 2012, and then on a full-time basis beginning in early 2015. (*See id.* at ¶¶13, 15).

### 2.  **Operations**

P&S commenced operations in 2012. (Millan Aff. ¶6).  P&S purchases meat and other products from suppliers located in Pennsylvania, Iowa, Colorado, New Jersey and Maryland. P&S then sells and distributes those products to businesses in New York, New Jersey and Ohio. (Millan Aff. ¶¶7, 8).  Operating from its headquarters in the Bronx, P&S services restaurants, butcher shops and other retail establishments, who, in turn, sell the products for consumption on or off premises. (*See id.* at ¶8).

P&S employs drivers and helpers, both of whom are responsible for delivering the meat and other food products to P&S's customers. (*See id.* at ¶9).  Drivers' helpers, as the name suggests, accompany drivers on the trucks and assist with the physical delivery of the products to the customers. (*See id.*).

Products ordered by P&S's customers are loaded onto P&S's delivery trucks at their Bronx facility for distribution to customers. (*See id.* at ¶10).  When they arrive at the customer, locations, drivers and helpers deliver products into the customer's premises by hand, with the aid of hand-trucks or, at times, with the aid of pallet jacks, depending upon the size of the load and

2

the truck. (*See id.* at ¶11).  Safety is of primary importance.  Therefore, among other things,

helpers are required to ensure that the driver has a safe turning radius and parking spot, and once

parked, must ensure the safety of pedestrians and the cargo while making a delivery to a

customer. (*See id.* at ¶12).

Plaintiff admits that the Defendants are engaged in interstate commerce, and that Plaintiff

"regularly handled goods in interstate commerce, such as meat and other products produced

outside of the State of New York."  (*See* Complaint ¶¶ 38, 44, 80, attached as Exhibit 1 to the

Declaration of Lisa B. Lia, Esq. dated June 14, 2019 ("Lia Decl.")).

### 3.  Plaintiff's Employment with P&S

Plaintiff commenced employment with P&S on a part-time basis in or about 2012 when

the company was first formed.  (Millan Aff. ¶13).  During his part-time employment, Plaintiff

operated as an independent helper, and he would work on days when P&S needed an extra hand.

(*See id.* at ¶14).  Either P&S would call him the night before, if they knew they had a need for his

help, or more often, Plaintiff would show up in the morning and ask if P&S needed help that day.

On average, Plaintiff worked one or two days a week at this time and earned a minimum of $12

per hour.  At the end of each day he worked, P&S would pay him in cash for the day.  He earned

$80 per day, and his hours were generally 6:00 or 6:30 until between 1 pm and 3 pm. (*See id.*).

Plaintiff became a full-time employee in or about early 2015. (*See id.* at ¶15). His duties

were the same as when he worked part-time.  That is, Plaintiff worked as a driver's helper, and as

such was responsible for loading the pallets of product into the truck, making sure they were

stacked safely, taking the boxes out of the truck and bringing them into the customer, and ensuring

safe operation of the truck, *e.g.* assisting the driver in turning around or pulling into a parking spot.

(Lia Decl., Ex. 2, at pp. 53, 58; Millan Aff. ¶15).   He was expected to work five days a week from approximately 6:30 am until 3 pm.  Plaintiff's employment with P&S ended on or about November 26, 2016.  He commenced the instant action with the filing of a Complaint on February 13, 2017. (*See* Millan Aff. ¶21; Lia Decl., Ex. 1).

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment [on a particular claim or defense] if the movant shows that there is no genuine dispute as to any material fact [regarding that claim or defense] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Kennedy v. Equity Transp. Co.*, No. 15-3459, 2016 U.S. App. LEXIS 17582, *4-5 (2d Cir. September 28, 2016).  A genuine issue of material fact exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the burden to demonstrate the absence of a genuine issue of material fact, and the Court must draw all reasonable inferences in favor of the non-moving party.  *Id.* at 255. The Court's role on a motion for summary judgment is one of "issue-finding," not "issue-resolution." *Ramirez v. New York City Bd. of Educ.*, 481 F. Supp. 2d 209, 216 (E.D.N.Y. 2007). Therefore, the Court's charge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  As set forth below, there is no genuine issue of fact with respect to Plaintiff's claims under the FLSA, accordingly those claims should be dismissed.  Further, the Court, in its discretion, may refuse to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## ARGUMENT

### POINT I.
#### DEFENDANTS ARE EXEMPT FROM THE OVERTIME PROVISIONS OF THE FLSA.

Plaintiff's Second Cause of Action seeks damages for defendants' alleged violation of the overtime provisions of the FLSA. (*See* Lia Decl., Ex. 1 at ¶¶85-88). The FLSA requires employers to pay overtime wages to certain employees who work more than forty hours in a week. *See* 29 U.S.C. §207. There are several exceptions to the overtime protections of the FLSA, one of which is the Motor Carrier Exemption ("MCA Exemption"). *See id.* The purpose of the MCA Exemption is to avoid subjecting employers to overlapping regulatory regimes. *See Fox v. Commonwealth Worldwide Chauffered Transp. of N.Y., LLC,* 865 F. Supp. 2d 257, 264 (E.D.N.Y. 2012).

Under the MCA Exemption, the FLSA overtime obligations do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [section 31502 of Title 49]." 29 U.S.C. § 213(b)(1). Pursuant to 49 U.S.C. § 31502, "the Secretary of Transportation may prescribe requirements for the qualifications and maximum hours of service of employees … of a motor private carrier when needed to promote safety of operation." 49 U.S.C. §§ 31502(b)(1) and (2).

Thus, in order for the MCA Exemption to apply, two requirements must be satisfied: "(1) the employer … must be either a 'motor carrier' or a 'motor private carrier' as defined by 49 U.S.C. § 31502(b)(2); and (2) the employees subject to the regulation must be engaged in activities that affect the safety of operation of motor vehicles transporting property in interstate commerce." *Bilyou v. Dutchess Beer Distribs., Inc.*, No. 99 Civ. 4231, 2001 U.S. Dist. LEXIS

3342, at *6-7 (S.D.N.Y. Mar. 9, 2001), *aff'd*, 300 F.3d 217 (2d Cir. 2002); 29 C.F.R. § 782.2(a).

As set forth below, P&S is a motor private carrier whose employees are engaged in activities that

affect the safety of operation of motor vehicles transporting property in interstate commerce.

Accordingly, the MCA Exemption removes P&S from the overtime requirements of the FLSA.

> 1. **P & S Is A Motor Private Carrier.**

A "motor private carrier" is "a person, other than a motor carrier, transporting property

by motor vehicle when: (A) the transportation is as provided in section 13501 of this title; (B) the

person is the owner, lessee, or bailee of the property being transported; and (C) the property is

being transported for sale, lease, rent, or bailment or to further a commercial enterprise." 49

U.S.C. § 13102(13); *see also Bilyou*, 300 F.3d at 223 (holding that defendant, a wholesale beer

distributor "fit perfectly" within the definition of "motor private carrier" because it was "the

owner . . . of the property being transported," and "the property is being transported for sale . . .

or to further a commercial enterprise").

P&S, as a meat wholesaler, transports meats and other products for sale to retailers and

restaurants in New York, New Jersey and Ohio who, in turn, sell those items for consumption on

or off premises. (Millan Aff. ¶¶ 7, 8).  Plaintiff admits that the Defendants are engaged in

interstate commerce, and that Plaintiff "regularly handled goods in interstate commerce, such as

meat and other supplies produced outside of the State of New York."  (*See* Lia Decl., Ex. 1 ¶¶

38, 44, 80).

Thus, transportation of such products is unquestionably part of interstate commerce (*see*

Section 13501 of CFR title 49), and "for sale … or to further a commercial enterprise."  49

U.S.C. § 13102(13).  For these reasons, P&S "fits perfectly" within the definition of "motor

private carrier."  *Bilyou*, 300 F.3d at 22.

### 2.  Plaintiff Performs Duties That Directly Affect the Safety of Operation of Motor Vehicles in Interstate Commerce.

The MCA Exemption applies to drivers, driver's helpers, loaders, or mechanics whose

duties affect the safety of operation of motor vehicles in transportation on public highways in

interstate commerce.  *See* 29 CFR § 782.2.  Here, Plaintiff performed duties of a helper that

courts have routinely found to directly affect the safety of operation of motor vehicles.

The case *Swanson v. Manhattan Beer Distribs.,* No. 15 Civ. 05383, 2018 U.S. Dist.

LEXIS 218219, *14-15 (E.D.N.Y. June 28, 2018) is instructive.  In *Swanson*, the defendant-

employer was a wholesale distributor of beer and other beverages.  The defendant employed

drivers and helpers to distribute its products to over 25,000 customers. *See id. at *3*.  The

defendant's helpers were responsible for "helping drivers load and unload beverages and

assisting them in other aspects of product delivery to customers. …  In the ordinary course of

their work, drivers and helpers 'repeatedly open, close and secure the cargo bay doors,' 'lift and

remove beverage product from the cargo bay,' and collect and securely load empty kegs and

containers onto the trucks. …." *Id. at 4.*

In *Swanson,* the plaintiffs sought overtime wages and defendant moved for summary

judgment on the grounds that the MCA Exemption applied.  *See id. at 2.*  The Court granted

defendant's motion, determining, *inter alia*, that employee activities fell within the exemption.

Specifically, defendant's "drivers and helpers performed other activities, such as loading and

unloading trucks, that courts have routinely found directly affect the safety of vehicular

operation." *Id. at *14-15.*  This was the case even though helpers were "not responsible for

7

driving or servicing the trucks in any way.... [or] for loading beverages onto trucks," and, while they do load empty containers onto trucks, "they do not have any input into whether or which empty containers to collect, or how to load, arrange or secure them on trucks." *Id.*

Here, Plaintiff was employed as a helper, and was responsible for, among other things, assisting the driver in making deliveries, making sure the pallets were stacked safely; assisting with loading and unloading the truck at each delivery; and assisting the driver in safe operation of the truck.  (Lia Decl., Ex 2 at pp.  53, 58, 134; Millan Aff. ¶15).  Indeed, Plaintiff testified that he routinely assisted in loading the truck, although his supervisor determined the location of the pallets in the truck.  (Lia Decl., Ex. 2 at p. 57-58, 134).  Upon making the deliveries, Plaintiff would help the driver unload the truck with the use of a hand truck. (*See id.* at pp. 62, 64)*.*  The activities Plaintiff performed as a helper are routinely found to be activities that directly affect the safety of vehicular operation.  *See Levinson v. Spector Motor Service*, 330 U.S. 649, 652 n.2 (1947)("The evidence makes it entirely clear that a motor vehicle must be properly loaded to be safely operated on the highways of the country."); *Khan v. IBI Armored Servs*., 474 F. Supp. 2d 448, 457 n.10 (E.D.N.Y 2007) ("Though it is obvious to the point of almost being susceptible of proof by judicial notice, the loading or rearrangement of cargo on a truck is obviously related to the safe operation of that vehicle on a highway."); *Kong v. Wing Keung Enters.*, No. 15-cv-6228, 2017 U.S. Dist. LEXIS 205331, at *4-5 (E.D.N.Y. 2017) (dismissing plaintiff's FLSA and NYLL overtime claims and holding that drivers and loaders are positions affecting the safety of vehicle operation).  Accordingly, the MCA Exemption applies and Plaintiff's FLSA overtime claims must be dismissed.

**POINT II:**

**PLAINTIFF'S FEDERAL MINIMUM WAGE CLAIM MUST BE DISMISSED BECAUSE DEFENDANTS PAID PLAINTIFF MORE THAN THE FEDERAL MINIMUM WAGE DURING THE PERIOD IN WHICH HE IS ENTITLED TO COLLECT DAMAGES.**

1.  **Plaintiff is only Entitled to Collect Damages for the Two Years Preceding the Filing of the Complaint.**

The Statute of Limitations on a claim for minimum wage violations is two years, absent proof of willful conduct on the part of the employer. *See* 29 U.S.C. §1955.  Plaintiff bears the burden of proving a willful violation sufficient to invoke the three-year limitations period. *See Bedasie v. Mr. Z Towing, Inc.*, 13 Civ. 5453, 2017 U.S. Dist. LEXIS 43973, at * 92 (E.D.N.Y. March 24, 2017).  Absent such evidence, the two-year statute of limitations applies and any claims that fall outside such time period are barred under federal law.  *See id.*  Plaintiff filed the Complaint on February 13, 2017, thus he can only collect damages from February 13, 2015 – November 26, 2016, when his employment ended. *See id.*; (Lia Decl., Ex. 1 at ¶16).

2.  **Plaintiff Cannot Establish a Violation of the FLSA Minimum Wage Provisions.**

Plaintiff's First Cause of Action seeks damages for Defendants' alleged violation of the minimum wage provisions of the FLSA.  (*See* Lia Decl., Ex. 1 at ¶¶ 78-84).  Under the FLSA, employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" are to be paid a minimum of $7.25 an hour.  *See* 29 U.S.C. § 206.  "To calculate the effective wage paid for minimum wage purposes, courts in this Circuit divide weekly pay by the total number of hours worked in a given workweek."  *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, 13 Civ. 6789, 2015 U.S. Dist. LEXIS 125961, *22-23 (E.D.N.Y. September 18, 2015) (citing *Caci v. Wiz of Lake Grove, Inc.*, 267 F. Supp. 2d 297, 299-300 (E.D.N.Y. 2003)).

9

Plaintiff commenced full-time employment in or about early 2015. (Millan Aff. ¶15). Prior to that time, Plaintiff only worked on as-needed basis, and was paid daily for the work he performed. (Millan Aff. ¶14).  Beginning in 2015, Defendants maintain that Plaintiff regularly worked from 6am to 3pm from Monday through Friday.  Defendants also maintain that Plaintiff did not regularly work past 3 pm and did not work on Saturdays.  (Millan Aff. ¶¶19, 20).  In contrast, Plaintiff argues that he worked from 6 am until 4 or 5 pm each day from Monday through Saturday (typically 54 to 66 hours per week) and that about three times per month, he worked until 7 pm (typically 56 to 68 hours per week).  (Lia Decl., Ex. 1, at ¶¶47-48; Lia Decl., Ex. 2, at p. 107-108).   Plaintiff avers in his Interrogatory Responses that from mid-2014 through November 26, 2016, he was paid "a flat rate of $100 per day, typically working six days a week." (Lia Decl., Ex. 3, at p. 6.).

With respect to the time period from February 2015 through November 2016, even accepting Plaintiff's allegations that he worked a maximum of 68 hours per week as true, the $600 per week he was earning yields an hourly rate of pay of $8.82 an hour ($600 divided by 68).   And if he worked a maximum of 68 hours over five days at $500 per week, he was earning an hourly rate of $7.35 per hour ($500 divided by 68).  (Lia Decl., Ex. 1, at ¶¶47-48; Lia Decl., Ex. 2 at p. 107-108).  Federal minimum wage has been $7.25 per hour since 2009.  *See https://www.dol.gov/whd/minwage/chart.htm.*  Thus, for the time period that Plaintiff is entitled to collect, *i.e.,* beginning February 2015, Plaintiff was paid above the federal minimum wage rate.  For these reasons, Plaintiff is unable to establish that Defendants violated the FLSA minimum wage requirements for any relevant time period during his employment at P&S.  *See Caci v. Wiz of Lake Grove, Inc.,* 267 F. Supp. 2d 297, 299-300 (E.D.N.Y. 2003).  Accordingly, Plaintiff's First Cause of Action should be dismissed.

**POINT III:**
**THIS COURT SHOULD DECLINE TO**
**EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.**

The only federal claims alleged by Plaintiff are his First Cause of Action for violation of the minimum wage provision of the FLSA and his Second Cause of Action for violation of the overtime provisions of the FLSA.  The remaining five causes of action are all for violations of New York State law.   As set forth above, Plaintiff's federal claims are subject to dismissal. Pursuant to 28 U.S.C. § 1367(c)(3), if the Court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise jurisdiction over any non-federal claims over which it could have exercised supplemental jurisdiction.

Subject matter jurisdiction in the instant action is based on federal question jurisdiction rooted in claims brought under the FLSA. *See* 28 U.S.C. § 1331.   If the Court dismisses the FLSA claims as set forth above, it may properly decline to exercise jurisdiction over the remaining state law claims.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *Aflalo v. Cantor Fitzgerald, L.P*., 298 F. Supp. 3d 688, 698 (S.D.N.Y. 2018) (declining to exercise jurisdiction over NYLL claims after FLSA claims were dismissed because "the balancing of factors weighs towards declining jurisdiction, particularly considering the fact that the NYLL is more broadly worded than the FLSA"); *McGugan v. Aldana-Bernier*, No. 11 Civ. 342, 2012 U.S. Dist. LEXIS 60340, at *21-22 (E.D.N.Y. Apr. 30, 2012) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice."), *aff'd*, 752 F.3d 224 (2d Cir. 2014). Therefore, Defendants respectfully requests that the Court dismiss Plaintiff's state law claims as well.

11

### POINT IV:
### TO THE EXTENT THE COURT CONSIDERS PLAINTIFF'S STATE LAW CLAIMS, PLAINTIFFS NYLL OVERTIME CLAIM IS BARRED BY THE MCA EXEMPTION.

Plaintiff's Fourth Cause of Action seeks damages for defendants' alleged violation of the NYLL overtime provisions that correspond to the FLSA overtime provisions.  (*See* Lia Decl., Ex. 1, at ¶¶ 94-97).   To the extent that this Court exercises supplemental jurisdiction over Plaintiff's state law claims (which in its discretion it may decline to do, *see* Point III, above), just as Plaintiff's FLSA overtime pay claims are barred by the MCA Exemption, his claims under the NYLL are similarly barred.

The New York State Department of Labor has expressly incorporated the FLSA exemptions in N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, which states that "an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act. …" *See Fox*, 865 F. Supp. 2d at 268-69 ("Federal courts have followed the Department's guidance, applying FLSA exemptions to state Labor Law claims. This includes the Motor Carrier Act exemption.") (*internal citations omitted*); *Reiseck v. Univ. Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010) ("The NYLL, too, mandates overtime pay and applies the same exemptions as the FLSA.") (*citation omitted*); *Kennedy*, 2015 U.S. Dist. LEXIS 143565, at *12 n.6, 21 n.8 ("For the same reasons that plaintiff's FLSA claim lacks merit I also conclude that his overtime claim under the NYLL fails because that provision is subject to the same [Motor Carrier Act] exemption.") (*citations omitted*).  Accordingly, to the extent this Court exercises supplemental jurisdiction over Plaintiff's state law claims, his Fourth Cause for violations of the NYLL overtime provisions of the NYLL should be dismissed.

**CONCLUSION**

For the foregoing reasons, it is respectfully submitted that the Court should grant

Defendants' motion for summary judgment in its entirety, and that the Court should grant such

further relief as it deems just and proper.

Dated: June 14, 2019

<div style="margin-left: 40%;">

LAW OFFICES OF EDMOND J. PRYOR

*Lisa B Lia*

By: Lisa B. Lia, Esq.
292 City Island Avenue
Bronx, N.Y. 10464
Lia@Pryorlaw.com

*Attorneys for Defendants P&S Select Foods Inc.,*
*P&S Select Meats Inc., Ray Millan Sr., Gary*
*Langsam, Anthony Millan and Ray Millan Jr.*

</div>

13